IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deborah Videtto Guy Hubbard Sarvis | C/A No.: 8:25-cv-7313-SAL |
| Petitioner, | |
| v. | |
| Warden of Camille Graham Correctional Institution, | **ORDER** |
| Respondent. | |

Petitioner Deborah Videtto Guy Hubbard Sarvis, proceeding pro se and in forma pauperis, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge William S. Brown, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending this case be dismissed without requiring Respondent to file an answer or return. [ECF No. 14.] As explained in the Report, Petitioner is no longer "in custody" for the 1976 conviction she is challenging, and while she is currently incarcerated for a 1992 murder conviction, any § 2254 petition challenging that conviction is successive and requires Fourth Circuit approval to file. *Id.* at 4–10. Thus, this court must dismiss this action.

Petitioner was advised of her right to file objections and filed a document titled "Petitioner's Objections to the Court's Report and Recommendation." [ECF No. 20.] There, she states,

> After further research, [Petitioner] has no objections to the [Report], as Judge Brown's recommended dismissal of her habeas corpus re: her allegation of being "in custody" pursuant to the 1976 conviction is correct! [Petitioner] sadly now concedes that she has been "out of custody" since 1997, when her unlawful 21 year sentence for armed robbery expired!

1

[ECF No. 20 at 1.] Accordingly, the court construes Petitioner's statements as a waiver of the right to file objections.[1]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

There is no clear error in the Report. Further, after a de novo review of the Report, the applicable law, and the record of this case, the court adopts and incorporates the Report, ECF No. 14. As a result, this matter is **DISMISSED without prejudice and without requiring the Respondent to file an answer or return**.

**IT IS SO ORDERED.**

November 21, 2025                                   Sherri A. Lydon
Columbia, South Carolina                           United States District Judge

---

[1] Within her objections, Petitioner requests "this Court to consider if possible jurisdictional matters allow a recommendations [sic]" to the Fourth Circuit regarding her request for permission to file a successive petition based on the collateral consequences of her conviction. [ECF No. 20 at 2.] To the extent that this request amounts to an objection, it is overruled. Under 28 U.S.C. § 2244(b)(3), a district court may not consider a successive petition until the appropriate court of appeals authorizes it to do so. Accordingly, this court has no power to determine whether Petitioner may file a successive petition based on the collateral consequences of her allegedly unlawful conviction.